**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JOHN DOE**                                                                                          **PLAINTIFF**

**V.**                                                                   **CIVIL ACTION NO. 3:21-cv-201-DPJ-FKB**

**UNIVERSITY OF MISSISSIPPI, BOARD OF
TRUSTEES FOR THE MISSISSIPPI STATE
INSTITUIONS OF HIGHER LEARNING,
UNIVERSITY OF MISSISSPPI MEDICAL
CENTER, ET AL.**                                                                      **DEFENDANTS**

**DEFENDANTS' REBUTTAL IN SUPPORT
OF THEIR MOTION
TO DISQUALIFY PLAINTIFF'S NON-RESIDENT COUNSEL**

Alternatively blaming the unauthorized appearance on local counsel and/or arguing his
non-resident attorneys never actually appeared in this Court in the first place, Plaintiff ignores
this Court's local rules and other federal authority. The headlining of Plaintiff's non-resident
counsel in the 92-page Complaint was not a "highly technical" mistake but an intentional billing
of Plaintiff's New York lawyers as the "***Attorneys for Plaintiff John Doe***," a designation not
similarly applied to Plaintiff's admitted counsel.  The Court should not turn a blind eye to its *pro
hac vice* rules merely because Plaintiff's counsel now claims that any such responsibility was
assigned to local counsel and an attorney's electronic signature is not "really" a signature absent
the issuance of an ECF login. The Court should deny their admission and disqualify them from
this action.

1.      *Plaintiff's non-resident counsel signed or authorized the filing of the
Complaint.*

Plaintiff argues that his non-resident and non-admitted attorneys did not "sign" his
Complaint because his local counsel – "not the non-resident attorneys – was responsible for their
names appearing on the complaint in the manner they did." Pl.'s Resp. p. 5 [Doc. 17]. According

to Plaintiff, his non-resident counsel simply "did not sign it." *Id*. Plaintiff further argues that an attorney's electronic signature affixed as "an '/s/NAME' is not really the 'signature' of the attorney." *Id*. He contends that an attorney must use his or her ECF login credentials and actually file a document with the Court using those credentials before an electronic signature is *really* the attorney's "signature." *See id*. Under Plaintiff's view, because his New York attorneys have never been admitted to practice before this Court and have not been issued an ECF login, "Mr. Miltenberg and Mr. Lewis never 'signed' anything filed in this court *except* their *pro hac vice applications*," the only filings that were "signed" with wet signatures. *Id*. (emphasis in original). Plaintiff's argument, however, does not survive review of this Court's Local Rules or other federal caselaw.

First, while Plaintiff's New York counsel attempts to evade responsibility for the insertion of their signature block on the Complaint, neither Plaintiff's response nor the declaration of Plaintiff's local counsel actually asserts that Mr. Dillard was not authorized and/or did not receive approval to affix Mr. Lewis's electronic signature or Mr. Miltenberg's name. Though Plaintiff's briefing argues that his New York counsel is "not responsible for the decision of the undersigned local counsel to write their names on the Complaint," Mr. Dillard's declaration does not speak to how or why Mr. Lewis' electronic signature and Mr. Miltenberg's name were added to the Complaint and all other papers filed with the Court. *See* Pl.'s Resp. p. 5 [Doc. 17]; Ex. 1 to Pl.'s Resp. (Dec. of J. Dillard) [Doc. 16-1].

Instead, Mr. Dillard's declaration states only that he "was responsible for determining what to put on the signature block." Id. at p. 1, ¶ 4. He does not reveal whether he then sought authorization or was otherwise granted approval to add the New York attorneys' names and

signature, or whether he unilaterally added their signature block and then filed those papers without further review or input from his co-counsel.

Likewise, Plaintiff's non-resident counsel has not submitted any declaration contesting Mr. Dillard's putative authority to affix their signature block, nor has Mr. Dillard sought to withdraw or otherwise amend the filings that potentially contain the unauthorized electronic signature of another attorney. Plaintiff's Complaint was on file for nearly a month before Defendants moved to disqualify Plaintiff's non-resident counsel, and neither Plaintiff's resident nor non-resident counsel made any effort to amend the filings or remove reference to Plaintiff's non-admitted counsel. Plaintiff's argument that his non-resident attorneys are not "responsible for their names appearing on the complaint in the manner they did" is not at all supported by the record and should be disregarded by the Court. Resp. p. 5 [Doc. 17].

However, even if Mr. Lewis and Mr. Miltenberg did not authorize the inclusion of their signature block, they still cannot simply disclaim responsibility for their co-counsel's actions. After all, the first page of Plaintiff's Complaint states that the Complaint is being brought "***by his attorneys Nesenoff & Miltenberg, LLP***." Pl.'s Compl. p. 1 [Doc. 1]. Mr. Dillard's declaration is silent as to whether he or Plaintiff's non-resident counsel drafted the Complaint, but Plaintiff's response asserts that Plaintiff's "[n]on resident counsel asked that the Complaint, application for pro hac vice admission and motion to proceed pseudonymously [] be filed simultaneously," and it is apparent that Plaintiff's non-resident counsel authorized the filing of the Complaint in at least some form or fashion. Pl.'s Resp. p. 5 n. 2 [Doc. 17]. The repeated billing of Nesenoff & Miltenberg, LLP as Plaintiff's attorneys throughout the Complaint belies their attempt to now disavow their involvement and responsibility for the filed Complaint. *See also Ibieta v. Allstate*

*Fire & Cas. Ins. Co.*, 2020 U.S. Dist. LEXIS 105237, *10 (W.D. Tex. Jun. 16, 2020) ("When a lawyer's name appears in the signature block of a filing along with his bar number, that lawyer is representing that he or she is counsel for the submitting party."). Moreover, under the Court's Local Rules and "[c]onsistent with Fed. R. Civ. P. 11, ***the filing of a signed pleading, motion, or other document by any counsel is deemed to signify approval by all co-counsel.***" L. U. Civ. R. 11(a) (emphasis added). Accordingly, because Mr. Lewis and Mr. Miltenberg held themselves out as counsel for Plaintiff, they are deemed to have approved the filing of the Complaint.

Second, an attorney's use of an electronic signature or authorization to affix his or her electronic signature may constitute "signing" a document regardless of whether the signing attorney files or submits it by ECF. Illustratively, in *Donald v. Arrowood Indemnity Company*, the plaintiff argued that a defendant's joinder attached to a co-defendant's notice of removal was deficient because it was electronically signed by the consenting defendant and then filed by the removing defendant. 2010 U.S. Dist. LEXIS 128005, *3, 9-12, 2:10-CV-227-KS-MTP (S.D. Miss. Nov. 23, 2010). Although the consenting defendant had subsequently filed a separate joinder at a later date, that separate joinder was filed outside the removal window and the Court's analysis focused on the joinder attached to the original notice of removal.  *Id*. Again, that "electronic signature" was attached to the notice of removal filed by another attorney and was not independently filed via ECF by the attorney whose joinder had been called into question. *Id*. Not surprisingly, the Court considered the joinder to be "electronically signed" by counsel for the consenting defendant even though it had actually been "filed" by the removing defendant. *Id*. at *3, 11.

Additionally, in *Gann v. North-Central Alabama Regional Council of Governments*, the

plaintiff argued that the defendants' discovery responses were insufficient because the defendants' attorney certified them with an electronic signature rather than a wet signature. 2013 U.S. Dist. LEXIS 167610, *13 (N.D. Ala. 2013). The district court likewise rejected that argument, noting that it, "like all other courts within the Eleventh Circuit, accepts the electronic signatures of counsel" and that the plaintiff should treat the responses as "properly bearing the signature of counsel." *Id*.

Similarly, under this Court's Administrative Procedures for Electronic Filing, proposed orders should "include the electronic signature(s) of the filing counsel and a signature line for the judge." *See* Admin. Proc. for Electr. Case Filing, Section 5. B., p. 11.[1] The proposed order must include the submitting attorney's "electronic signature[,]" despite the fact that such orders "should be emailed to the chambers of the appropriate judicial officer for the case" and not filed via ECF. *Id*. As recognized by multiple federal district courts and this Court's own procedures, an attorney's use of "/s" or some alternative before typing his or her name is a widely recognized method of signing an electronic document. *See Gann*, 2013 U.S. Dist. LEXIS at *13 n. 16 ("The signature appears as thus: '/s/ Barnes S. Lovelace, Jr.' . . .Such an 'electronic signature' is common, accepted practice in courts that require electronic case filing. Attorneys are not required to hand-sign pleadings if they provide an electronic signature instead.").

Mr. Lewis' name does not merely appear on the Complaint as he now contends but is signed "/s/ Nicholas E. Lewis, Esq.", consistent with the Court's instructions on how to sign a document electronically. *See* Admin. Proc. for Electr. Case Filing, Section 5., p. 11. Moreover, Mr. Lewis' electronic signature is "really" his signature even though he has not been admitted to

---

[1] https://www.mssd.uscourts.gov/sites/mssd/files/Administrative_Procedures_January_2021_FINAL.pdf.

practice before this Court and has not received an ECF login. But most importantly, neither Mr. Lewis nor Mr. Miltenberg can escape this Court's rules by foisting responsibility on Plaintiff's resident counsel. Both non-resident attorneys and their law firm are emphasized throughout the Complaint as "Attorneys for John Doe," even though neither attorney was admitted to practice before this Court. The Court should reject their unsupported contention that they are not responsible for the inclusion of their signature block because that decision was purportedly outsourced to local counsel and they did not have their own ECF login.

       **2.**      ***The timing between Plaintiff's filing of the Complaint and the pro hac vice applications is not the issue.***

       Plaintiff spends significant time arguing that his local counsel was faced with a quagmire regarding the order in which to file Plaintiff's various papers and pleadings with the Court given his desire to file suit under pseudonym. Pl.'s Resp. p. pp. 2-3, 5-6 [Doc. 17]. Plaintiff misses Defendants' argument entirely. Plaintiff's non-resident counsel would not have been admitted to practice before this Court even had they filed the pro hac vice applications before the Complaint. Under Local Rule 83.1(d)(2), "[a] federal court of this state may, in its discretion, admit an eligible non-resident attorney retained to appear in a particular civil proceeding pending before that court to appear pro hac vice as counsel in that proceeding . . . This rule provides the only authority under which a non-resident attorney who is not a member of the Mississippi Bar and not admitted to practice before the Mississippi Supreme Court may practice in a United States District Court serving Mississippi." *See also* L. U. Civ. R. 83.1(d)(7) ("An application ordinarily should be granted unless the court finds reasons to believe that: the applicant had, before the application, **filed or appeared in the federal court without having secured approval under**

**these rules**.") (emphasis added). Plaintiff's non-resident counsel should have appeared before the Court only, then, to file their pro hac vice applications, and Plaintiff's claimed timing issues do not cleanse the premature appearance and participation of his non-resident counsel.

> **3.** ***Plaintiff is not entitled to counsel of his choosing if they are not admitted to practice law in the State of Mississippi and before this Court and have failed to comply with the Court's pro hac vice requirements.***

In a last-ditch effort, Plaintiff's counsel argue that Plaintiff's non-resident counsel should not be disqualified because Plaintiff is entitled to choose his own lawyer. Pl.'s Resp. p. 7 [Doc. 17]. The problem with Plaintiff's argument, of course, is that neither of Plaintiff's New York lawyers are admitted to practice law in the State of Mississippi or before this Court. Not surprisingly, federal and state courts alike have routinely rejected Plaintiff's "counsel of choice" argument when unaccompanied by any rationale as to why a court's pro hac vice admission criteria would result in an unjust result. *See United States v. Soto*, 566 F. App'x 363, 366 (5th Cir. 2014) (noting that even "[t]he Sixth Amendment right to counsel does not inescapably trump a district court's local bar admission requirements"); *United States v. Price*, 798 F.2d 111, 113 (5th Cir. 1986) ("The right to counsel is a right to be represented by a member of the Bar, who has been admitted to practice before the court in which he appears."); *In re Conduct of Sanai*, 360 Ore. 497, 523 (Ore. 2016) ("the right to choose counsel may be overridden when chosen counsel is not admitted to the bar of the forum state and has not been admitted pro hac vice in accordance with the tribunal's criteria."). Plaintiff's offers no facts or analysis in support of the conclusory assertion that the disqualification of Plaintiff's New York counsel would unjustly deprive him of counsel, and the Court should decline to waive its pro hac vice requirements absent a compelling reason to do so.

*Conclusion*

In response to Defendants' Motion to Disqualify, Plaintiff argues that the appearance of his un-admitted New York counsel was a "highly technical" error, points any blame for such appearance at Plaintiff's resident counsel, and argues that in any event Plaintiff's New York counsel did not actually sign the Complaint or other filings because they affixed only an electronic signature to Plaintiff's filings and have not yet been admitted to practice before the Court. The repeated billing of Plaintiff's New York counsel throughout Plaintiff's Complaint and other filings was not a "highly technical" error, however, and the Court should not overlook its *pro hac vice* rules merely because Plaintiff's counsel claims that they assigned any such responsibility to local counsel and an attorney's electronic signature is not "really" a signature absent the issuance of an ECF login. Before being admitted to practice before this Court, Plaintiff's New York counsel repeatedly highlighted their involvement and representation of John Doe in this action, designated their firm alone as "Attorneys for Plaintiff John Doe," and affixed an electronic signature to the Complaint and all other filings before this Court. Plaintiff's non-resident counsel has appeared and participated in this action prior to admission, and the Court should deny their admission and disqualify them from this action.

THIS, the 10th day of May 2021.

Respectfully submitted,

UNIVERSITY OF MISSISSIPPI; BOARD OF TRUSTEES OF MISSISSIPPI STATE INSTITUTIONS OF HIGHER LEARNING; UNIVERSITY OF MISSISSIPPI MEDICAL CENTER; GERALD CLARK; LORETTA JACKSON-WILLIAMS; KATIE MCCLENDON; PAMELA GREENWOOD; MARK RAY; ERIC HOSPODOR; AND LOUANN WOODWARD

/s/ J. Andrew Mauldin
J. CAL MAYO, JR. (MB NO. 8492)
PAUL B. WATKINS, JR. (MB NO. 102348)
J. ANDREW MAULDIN (MB NO. 104227)
ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi 38655
Tel: (662) 236-0055
cmayo@mayomallette.com
pwatkins@mayomallette.com
dmauldin@mayomallette.com