# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT COURT OF MISSISSIPPI
# NORTHERN DIVISION

**JOHN DOE,**                                                                               **Plaintiff,**

**v.**                                                                               **No.3:21-cv-201-DPJ-FKB**

**UNIVERSITY OF MISSISSIPPI, et al.**                                    **Defendants.**

## DECLARATION OF JOEL F. DILLARD

I am an adult resident of Mississippi and competent to testify in this matter.

1. The undersigned corresponded with Mr. Lewis beginning on January 21, 2021, for the purpose of drafting and filing this litigation.

2. On March 18, 2021, *pro hac vice* applications were executed by Mr. Lewis and Mr. Miltenberg. The application paperwork was completed in accordance with Local Rule 83.1(d)(4), the non-resident attorneys utilized Form 6 from the local rules. All required information and supporting documentation were included with the application. However, because the Complaint was anonymous, identifying information for the Plaintiff was left off the applications.

3. On March 19, 2021, the John Doe motion and Complaint were also ready to file.

4. The undersigned local counsel, Joel Dillard, was responsible for determining what to put on the signature block.

5. On Saturday March 20, 2021, the undersigned made a civil case request through the ECF system. His intention was to file all the documents at once, including the *pro hac vice* motions.

6. However, as he was reading the instructions on ECF, he noted that they state that "After your case has been processed by the Clerk's Office, you will receive a series of NEF's that

your Complaint or Notice of Removal has been filed, and notifying you of your case number. **Upon receiving the case number, additional documents may be filed**." Exh. 2.

7. The undersigned read this a disallowing anything but the Complaint, Exhibits, Cover Sheet and Summons to be provided with the initial case request form. For this reason, the undersigned decided not to attach everything to the case request, and instead intended to file the additional documents as soon as the Complaint was processed by the clerk.

8. However, as an administrative oversight, the undersigned failed to file the additional documents on that date. In addition, when the *pro hac vice* applications were ultimately filed a few days later, the undersigned wholly neglected to include Mr. Miltenberg's application.

9. The undersigned promptly reached out to counsel for Defendants to coordinate service and waiver of service. Non-resident counsel did not serve any of these documents on Defendants' counsel, made no attempts to communicate with opposing counsel during this time and did not file anything with the Southern District of Mississippi.

10. On April 14, 2021, this court entered a temporary order permitting the *pro hac vice* applications to be refiled as "restricted" motions which identified the Plaintiff by name. The attorneys began preparing revised motions at that time.

11. On April 19, 2021, the restricted motions were taken in hard copy by the undersigned to be filed with the clerk of the Court. The undersigned noted that the *pro hac vice* fee for Mr. Miltenberg had not been paid because no prior application had been filed. He brought the fee to the clerk's office two days later.

12. Meanwhile, as these restricted motions were being prepared, Defendants filed their opposition and motion to disqualify counsel, also on April 19, 2021.

Further declarant sayeth not.

I hereby declare under penalty of perjury that the foregoing is true and correct.

/s/ Joel F. Dillard            Date: 5/3/2021

Joel F. Dillard