Last Updated: May 2021
FORM 1 (ND/SD MISS. MAY 2021)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**



JOHN DOE

**PLAINTIFF**

v.

**CIVIL ACTION
NO. 3:21-cv-201-DPJ-FKB**

UNIVERSITY OF MISSISSIPPI MEDICAL
CENTER, et al.

**DEFENDANTS**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:** 5-6

   **ESTIMATED TOTAL NUMBER OF WITNESSES:** 10-12

   **EXPERT TESTIMONY EXPECTED:** Yes   **NO. OF EXPERTS:** 2-3

   Enter explanation (if necessary) here:

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   Private mediation or a settlement conference with the Court is required.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. MAY 2021)

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   The parties shall fully comply with the pre-discovery disclosure requirements of Fed.R.Civ.P.26 (a)(1) and L.U.Civ.R. 16(d) and 26(a) by July 10, 2023.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production are limited to __30__ succinct questions.

   C. Requests for Admissions are limited to __25__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than

   __15__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. MAY 2021)

 **E.** The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

The parties are ordered to take reasonable steps to preserve ESI relevant to the claims and defenses in this case. ESI should be produced in the format requested, unless the producing party shows sufficient grounds for producing it in another format.

 **F.** The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☑ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☑ 5. Other:

The parties agree, and this Court orders, that Defendants may wait until after the discovery deadline to file their dispositive motions on any immunity defenses (including qualified immunity), and any such delay in filing said motions shall not be, or construed to be, a waiver of any immunity defenses. All dispositive motions on any immunity defenses must be filed by the dispositive motion deadline.

FORM 1 (ND/SD MISS. MAY 2021)

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL  during a  two-week  term of court beginning on:  September 3, 2024 , at  9:00 ,  a.m. , in  Jackson , Mississippi, before United States  District  Judge  Daniel P. Jordan, III .

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS  5-6 . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on:  August 9, 2024 , at  9:00 ,  a.m. , in  Jackson , Mississippi, before United States  District  Judge  Daniel P. Jordan, III .

   C. **Discovery.** All discovery must be completed by:  January 18, 2024 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by:  July 10, 2023 .

   E. **Experts.** The parties' experts must be designated by the following dates:

   1. Plaintiff(s):  October 18, 2023 .

   2. Defendant(s):  November 20, 2023 .

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: February 1, 2024 . The deadline for motions *in limine* twenty one days the pretrial conference; the deadline for responses is fourteen days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

   A SETTLEMENT CONFERENCE is set on: February 13, 2024 , at 9:00 , a.m. in Jackson , Mississippi, before United States Magistrate Judge F. Keith Ball .

   Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) June 7, 2024 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

June 9, 2023
DATE

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE